**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

AUSTIN BENJAMIN,

                Plaintiff,

      v.                                  1:24-cv-00683 (AMN/DJS)

OLLIE'S BARGAIN OUTLET, INC. and UH US
HUDSON VALLEY 2019 LLC,

                Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MAINETTI, MAINETTI & O'CONNOR, P.C.** | **ALEXANDER E. MAINETTI,** |
| 130 North Front Street | **ESQ.** |
| Kingston, New York 12401 | |
| _Attorneys for Plaintiff_ | |
| | |
| **CHARTWELL LAW** | **SHANNA R. TORGERSON, ESQ.** |
| One Battery Park Plaza – Suite 710 | **JARETT WARNER, ESQ.** |
| New York, New York 10004 | |
| _Attorneys for Defendant_ | |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

      On January 23, 2024, Austin Benjamin ("Plaintiff") commenced this action in New York

State Supreme Court against Ollie's Bargain Outlet, Inc. ("Defendant Ollie's") and UH US Hudson

Valley 2019 LLC ("Defendant LLC" and, together, "Defendants"), alleging state law claims for

negligence in connection with an accident on July 27, 2023 that occurred in Defendant's Ollie's

store in Kingston, New York.  Dkt. No. 2 ("Complaint").  On May 17, 2024, Defendant Ollie's

removed this action to federal court on the stated basis of diversity.  Dkt. No. 1.

      Presently before the Court is Plaintiff's motion to remand this action pursuant to 28 U.S.C.

§ 1447(c), Dkt. No. 11 ("Motion"), and Plaintiff's opposition, Dkt. Nos. 14–15.  For the reasons set forth below, the Motion is granted and the case is remanded to New York State Supreme Court, Ulster County.

## II.    BACKGROUND

### A.  The Parties

Plaintiff[1] is a resident of New York.  Dkt. No. 1 at ¶ 3; Dkt. No. 2 at ¶ 1.  Defendant Ollie's is a Pennsylvania corporation with its principal place of business in Pennsylvania.  Dkt. No. 1 at ¶ 1.

Plaintiff asserts that Defendant LLC is an entity organized in either New York or some other unidentified state, with its principal place of business in New Jersey.  Dkt. No. 2 at ¶¶ 36–37, 42.  Defendant Ollie's asserts that Defendant LLC is an entity organized in Delaware with its principal place of business in New Jersey.  Dkt. No. 1 at ¶ 2.  No party has provided the identify or citizenship of Defendant LLC's member(s).  Dkt. No. 1 at ¶¶ 10–12; Dkt. No. 2.

### B.  Plaintiff's Allegations

As relevant here, Plaintiff alleges that he was injured when an air conditioner fell off a retail display in Defendant Ollie's store in Kingston, New York, a premises owned by Defendant LLC.  Dkt. No. 11-1 at 3;[2] Dkt. No. 11-3.  Plaintiff's two-count Complaint asserts negligence claims under New York law against Defendants and does not specify the amount of damages. *Compare* Dkt. No. 2 at ¶¶ 34, 68, *with* N.Y. C.P.L.R. § 3017(c).

---

[1] While the Complaint appears to identify a second plaintiff, *see* Dkt. No. 2 at ¶¶ 27, 32, 34–35, 61, 66, 68, no party has addressed the existence or citizenship of this person.

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

### C. Procedural History

On January 23, 2024, Plaintiff commenced this action in New York State Supreme Court, Ulster County.  Dkt. No. 2; *Benjamin v. Ollie's Bargain Outlet, Inc. et al*, Index No. EF2024-212, N.Y. Sup. Ct. Ulster Cnty. ("State Court"), Dkt. No. 1.  Defendants were served no later than February 2, 2024.  State Court Dkt. Nos. 2–5.  Defendant Ollie's answered on March 4, 2024 and Defendant LLC answered on May 6, 2024.[3]  Dkt. No. 1 at ¶¶ 7, 10; Dkt. Nos. 1-2, 1-5.

On April 17, 2024, Defendant Ollie's served a request on Plaintiff to admit, pursuant to N.Y. C.P.L.R. § 3123, whether his damages, if proven at trial, were in excess of $750,000.00, exclusive of interest and costs.  Dkt. No. 1 at ¶ 8; Dkt. No. 1-3.  That same day, Plaintiff responded and admitted the allegation.  Dkt. No. 1 at ¶ 9; Dkt. No. 1-4.

Thirty days later, on May 17, 2024, Defendant Ollie's filed a notice of removal.  Dkt. No. 1 ("Notice").  On June 6, 2024, counsel for Defendant Ollie's requested to be substituted as counsel for Defendant LLC, a request that United States Magistrate Judge Daniel J. Stewart granted.  Dkt. Nos. 10, 12.  Plaintiff filed the Motion on June 10, 2024, Dkt. No. 11, Defendants opposed on July 1, 2024, Dkt. Nos. 14–15, and the Motion has been fully submitted since Plaintiff declined to file a reply in further support later that month, *see generally* Docket Sheet.

### III.    STANDARD OF REVIEW

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Link Motion Inc. v. DLA Piper LLP*, 103 F.4th

---

[3] In June 2024, Defendant LLC stipulated to the dismissal of its crossclaims against Defendant Ollie's.  Dkt. No. 9.

3

905, 912 (2d Cir. 2024).  A district court's original jurisdiction includes "all civil actions arising under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a).  The party seeking removal must establish federal jurisdiction.  *See, e.g., Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) ("'It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of evidence.'")  (first quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); and then quoting *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012)).

The removing party must also comply with procedural requirements set forth in statute. *See Link Motion Inc.*, 103 F.4th at 911 (stating that federal courts are "mindful that (1) the removing party . . . bears the burden of demonstrating the propriety of removal. . . ; (2) statutory procedures for removal are to be strictly construed; and (3) we must resolve any doubts against removability") (citations and quotations omitted).  These include filing a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1446(d).  "The general removal statute delineates two 30-day periods during which removal may occur."  *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (citation omitted).  First, 28 U.S.C. § 1446(b)(1) generally provides that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  *See also Cutrone*, 749 F.3d at 142 n.4.  Second, 28 U.S.C. § 1446(b)(3) generally provides that if the initial pleading is not removable,

"a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See also Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36–37 (2d Cir. 2010) (*per curiam*). Within the applicable 30-day period, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("District courts within this Circuit . . . have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'") (citation and quotations omitted).

A party who opposes removal may move to remand the case back to state court. *See, e.g., Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 310 (2d Cir. 2005). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). As for subject matter jurisdiction, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*; *see also Platinum-Montaur*, 943 F.3d at 616 ("It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress.") (citations and quotations omitted). Finally, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (Sotomayor, J.) (citations omitted).

## IV.    DISCUSSION

### A.  Subject Matter Jurisdiction

The Notice identifies diversity as the exclusive basis for federal jurisdiction. Dkt. No. 1 at

¶¶ 13–15.  When diversity jurisdiction is invoked, "[p]ursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest."  *Doe v. Warner*, 659 F. Supp. 3d 293, 296 (E.D.N.Y. 2023) (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)).  As discussed below, *see* Section IV.B, *infra*, Defendant Ollie's has satisfied the amount in controversy requirement.  However, Defendant Ollie's has failed to establish complete diversity of citizenship among the parties.

For purposes of diversity jurisdiction, a corporation is treated as a citizen of the state where it is incorporated, as well as the state where its principal place of business is located, *see, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), while "an LLC is treated as an unincorporated association," *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) (citations omitted).  And "[a]lthough Congress has never explicitly laid out jurisdictional rules for unincorporated entities, the Supreme Court has held that diversity jurisdiction in a suit by or against such an 'entity depends on the citizenship of all its members,'"  *Id.* (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016)) (additional citation omitted); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members.") (citations omitted).

Defendant Ollie's has established diversity between itself, as a citizen of Pennsylvania, and Plaintiff, as a citizen of New York.  Dkt. No. 1 at ¶¶ 1, 3; *see also Hertz*, 559 U.S. at 80; 28 U.S.C. § 1332(a) & (c).  However, Defendant Ollie's has failed to establish the citizenship of Defendant LLC.  The Complaint asserts that Defendant LLC is a citizen of New York, which would destroy diversity, or some other unidentified state, which does not establish diversity, as well as New Jersey.  Dkt. No. 2 at ¶¶ 36–37, 42.  The Notice asserts that Defendant LLC is a citizen of New

Jersey and Delaware. Dkt. No. 1 at ¶ 2. But neither the Notice nor the Complaint actually provide the identity or citizenship of Defendant LLC's member(s). *Compare* Dkt. Nos. 1–2, *with Healthport*, 822 F.3d at 60 ("[T]he complaint is deficient because it contains no allegation as to the identify or citizenship of [the defendant LLC]'s members."). In fact, the Notice recognizes this jurisdictional defect:

> On May 6, 2024, Defendant [LLC], filed its Answer to the Complaint. That Answer did not allege the LLC's member(s) identity or citizenship.
>
> . . . .
>
> In attempts to determine the identity and citizenship of [Defendant] LLC's member(s), your affirmant corresponded with counsel of record, Arlow Linton, Esq.[,] partner at Gerber Ciano Kelly Brady LLP. The identity of the member(s) could not be ascertained by the deadline to file the Notice of Removal. However, an ongoing search is being conducted and the point of contact at the LLC has been notified of needed assistance. Your affirmant further conducted various internet searches for the Articles of Incorporation of [Defendant] LLC. Unfortunately, these searches did not yield the identity or citizenship of any member(s).

Dkt. No. 1 at ¶¶ 10, 12. Yet despite counsel for Defendant Ollie's also appearing on behalf of Defendant LLC, this jurisdictional defect remains. Dkt. Nos. 10, 12.

Given the absence of information regarding the identity or citizenship of Defendant LLC's members, the Court finds that Defendant Ollie's, as the party asserting federal jurisdiction, has failed to establish complete diversity among the parties. *See Platinum-Montaur*, 943 F.3d at 617.

## B. Procedural Requirements

The Motion primarily argues that removal is defective on procedural grounds because the Notice is untimely; Plaintiff also references the rule of unanimity.[4] Dkt. No. 11-1 at 6 ("[T]he failure of any defendant to provide its written consent within the thirty-day period constitutes a

---

[4] Because Plaintiff filed the Motion within 30 days of the Notice, Plaintiff's procedural arguments are timely raised. *See* 28 U.S.C. § 1447(c).

fatal procedural defect in the removal procedure and warrants a remand of the case.") (alteration in original) (quoting *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-cv-9059, 2015 WL 1730067, at \*4 (S.D.N.Y. Apr. 14, 2015)).  In opposition, Defendant Ollie's argues only that the Notice is timely, as it was filed within 30 days of when the case first became removable and within one year of the commencement of the case.  Dkt. Nos. 14–15.

On timeliness, the Court agrees with Defendant Ollie's.  As the Second Circuit has made clear:

> When, as here, a defendant seeks to remove a case more than thirty days after the initial pleading was filed, the defendant may do so if the case meets the two requirements of 28 U.S.C § 1446(b)(3).  First, "the case stated by the initial pleading" must be "not removable." . . . Second, a defendant must file the notice of removal within thirty days after receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable."

*Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) (citations omitted).  Here, as an initial matter, the case stated by the Complaint was not removable and did not become removable[5] until April 17, 2024.  On that date, Defendant Ollie's received in response to its discovery request a "paper that explicitly specifie[d] the amount of monetary damages sought," *Moltner*, 624 F.3d at 38 (citations omitted), and thus learned that the amount in controversy requirement had been satisfied, Dkt. No. 1 at ¶¶ 8–9.  *See also* 28 U.S.C. § 1446(c)(3)(A) ("[I]nformation relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).")  Second, Defendant Ollie's filed the Notice on May 17, 2024, within 30 days of receipt of this "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *see also* Dkt. No. 1.  Third, the Notice was filed less than four months after commencement of this action.  *See* 28

---

[5] At least with respect to the amount in controversy; the absence of complete diversity among the parties is discussed above.  *See* Section IV.A, *supra*.

U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action . . ."). Finally, because Section 1446(b)(3) applies in this particular case, Plaintiff's timeliness arguments based on Section 1446(b)(1) are misplaced. *See* Dkt. No. 11-1.

With respect to the rule of unanimity, however, the Court finds that Defendant Ollie's, as the removing party, has not satisfied its "burden of demonstrating the propriety of removal." *Link Motion Inc.*, 103 F.4th at 911 (citation omitted). Within the 30-day period in which a case may be removed, "'all defendants who have been properly joined and served must join in or consent to the removal of the action' [under] the so-called rule of unanimity." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (quoting 28 U.S.C. § 1446(b)(2)(A)) (additional citation omitted). As both Defendants had been previously served, *see* State Court Dkt. Nos. 2–5, they had 30 days from April 17, 2024 to remove or consent. Defendant Ollie's did so with its Notice. But the Notice was filed only on behalf of Defendant Ollie's and did not indicate that Defendant LLC joined in or consented to removal. *See* Dkt. No. 1. Defendant LLC also did not independently consent to removal within the 30-day period. *See Taylor*, 15 F.4th at 151 ("It is well-established that defendants 'must independently express their consent to removal.'") (quoting *Pietrangelo*, 686 F.3d at 66). In fact, Defendant LLC had live crossclaims against Defendant Ollie's throughout the 30-day period, Dkt. No. 1-5 at ¶¶ 32–49, and did not dismiss those claims until weeks later, Dkt. No. 9. Finally, while the same counsel has now appeared on behalf of both Defendants, a defendant may not provide consent retroactively. *See Taylor*, 15 F.4th at 151 ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent."). Thus, the Court finds that removal is procedurally improper because Defendants have failed to satisfy the

rule of unanimity. *See, e.g., Diallo v. Puerta*, No. 23-cv-9452, 2024 WL 640066, at *5 (E.D.N.Y. Feb. 15, 2024) (remanding case *sua sponte* after finding removal notice "deficient because it fails to comply with the well-established 'rule of unanimity'") (collecting cases). Finally, the Court notes that the Notice is also procedurally deficient because Defendant Ollie's did not include "a copy of all process, pleadings, and orders served" in the state court proceeding, 28 U.S.C. § 1446(a). *Compare* Dkt. No. 1*, with* State Court Dkt. Nos. 2–5; *see also Diallo*, 2024 WL 640066, at *4 (collecting cases).

For all these reasons, Defendant Ollie's has failed to establish federal jurisdiction and compliance with the removal statute. *See, e.g.,* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

Accordingly, the Court grants the Motion and remands this action to New York State Supreme Court, Ulster County, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction and failure to comply with the procedural requirements of removal.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that this action is **REMANDED** to New York State Supreme Court, Ulster County; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules, and close this case.

**IT IS SO ORDERED.**

Dated: December 9, 2024
       Albany, New York

Anne M. Nardacci
U.S. District Judge

11